ROBERT V. RAFTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rafter v. Commissioner
Docket No. 23200-89
United States Tax Court
T.C. Memo 1991-349; 1991 Tax Ct. Memo LEXIS 393; 62 T.C.M. (CCH) 272; T.C.M. (RIA) 91349; July 30, 1991, Filed *393 Decision will be entered for the respondent. Robert V. Rafter, pro se. Steven M. Diamond, for the respondent. GUSSIS, Special Trial Judge. GUSSIS
MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b) of the Internal Revenue Code. [1]
Respondent determined a deficiency in petitioner's 1986 Federal income tax in the amount of $ 396. The issue to be decided is whether petitioner is required to include in gross income a portion ($ 3,107) of the social security benefits received by him during 1986. Ancillary to that issue, we must decide whether, under the facts described below, petitioner may elect to change his filing status for 1986 from married filing separate to married filing jointly. Some of the facts have been stipulated and they are so found. Petitioner *394 resided in Rye, New York, when the petition herein was filed. Petitioner is an attorney in the State of New York. During the 1986 tax year, petitioner received $ 6,214 in social security benefits. This amount was reported as paid to petitioner on a Form SSA-1099, which was received by petitioner in February, 1987, approximately two months before the April 15 due date of his tax return. Petitioner mailed in his 1986 tax return early on January 30, 1987, claiming the filing status of married filing separate. Under section 6501(b)(1), the return is treated as filed as of April 15, 1987. Petitioner's spouse also filed her 1986 return as married filing separate. Petitioner and his wife resided together during the 1986 tax year. Petitioner did not include any portion of the social security benefits received in 1986 in his gross income. Petitioner cites as a reason for the omission that he had not yet received the Form SSA-1099 at the time of filing and was thus unable to accurately report the amounts he received. However, at no time subsequent to receiving the Form SSA-1099 and prior to the petition in this case (some two and one-half years later) did petitioner file an amended *395 return reporting the receipt of any portion of the social security benefits he received in 1986. On June 28, 1989, respondent issued a notice of deficiency to petitioner. Petitioner timely filed a petition with this Court on September 21, 1989. Thereafter, on April 9, 1990, petitioner filed an amended return with the Internal Revenue Service attempting to change his filing status for 1986 from married filing separate to married filing jointly. Petitioner's spouse did not sign the amended return. If petitioner is entitled to change his filing status to married filing jointly, no part of the social security benefits he received will be taxable. Petitioner bears the burden of proof. Rule 142(a). Section 6013(b)(1) provides that if an individual has filed a separate return for a taxable year for which a joint return could have been made by him and his spouse and the time prescribed by law for filing the return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year. However, this election is expressly limited by section 6013(b)(2)(C), which provides that no election to change the filing status to married filing *396 jointly may be made "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213." The notice of deficiency in this case was dated June 28, 1989, and petitioner timely filed a petition in this Court on September 21, 1989. Some seven months after filing his petition in this Court, petitioner filed an amended return Form 1040X with respondent, attempting to change his filing status. Under the clear language of section 6013(b)(2)(C), petitioner is precluded from doing so. We note that respondent, in an attachment to the statutory notice of deficiency, informed petitioner of his right to file an amended return changing his filing status to that of married filing jointly. Petitioner thus had an opportunity to make a timely change in his filing status. Petitioner, however, chose to file a petition with the Court without previously filing the suggested amended return for 1986. Consequently, under the express provisions of the statute, he is now precluded from changing his filing status for 1986. We fail to *397 see how petitioner's unexplained failure to make a timely election to change his filing status can somehow be attributed to respondent. On these facts, petitioner's contention that a denial of his belated election to change his filing status violates constitutional principles is without merit. Moreover, it appears that the amended return filed April 9, 1990, was not signed by petitioner's spouse. To be valid, a joint return must be signed by both parties. Sec. 1.6013-1(a)(2), Income Tax Regs. Whether a return, in the absence of the signatures of both spouses, constitutes a joint return is a factual issue based upon the intention of the parties. See Hurd v. Commissioner, T.C. Memo 1975-6. The record is devoid of any persuasive evidence to show that petitioner's spouse intended the amended return in question to be a joint return. Consequently, the April 9, 1990, amended return filed by petitioner would not, in any event, constitute an effective election to change his filing status to married filing jointly. Petitioner's reliance on Millsap v. Commissioner, 91 T.C. 926 (1988), is misplaced. In the Millsap case, the taxpayer failed *398 to file individual income tax returns for several years and, accordingly, respondent prepared substitute returns indicating the taxpayer's filing status as married filing separate. Respondent issued a notice of deficiency, and the taxpayer thereupon petitioned this Court. Thereafter, the taxpayer and his spouse filed tax returns for the years at issue attempting to elect joint status. We concluded that the returns utilized by respondent were substitute returns within the meaning of section 6020(b) and did not constitute prior returns filed by the taxpayer which would, under the provisions of section 6013(b)(2)(C), preclude taxpayer from subsequently electing to file joint returns. Here, petitioner did in fact file a return for 1986 and hence, at the very onset, the rationale of the Millsap case cannot apply here to permit a subsequent election, after the issuance of the notice of deficiency and the filing of the petition, to elect joint status. Petitioner states that without the Form SSA-1099 he was unable to report his 1986 social security benefits on his 1986 return. Petitioner's contention that, under such circumstances, his omission of social security benefits from his *399 return is somehow tantamount to a failure to file a return as to that particular item is singularly unpersuasive and we reject it. Finally, petitioner's passing reference to material in an Internal Revenue Service publication concerning the availability of a special election where benefits received during the taxable year are for prior years was not pursued at trial. There is nothing in the record to establish that the special election is applicable under the facts of this case. Section 86(a) provides that gross income for the taxable year of a taxpayer described in subsection (b) includes social security benefits in an amount equal to the lesser of: (1) one-half of the social security benefits received during the taxable year, or (2) one-half of the excess described in subsection (b)(1).
Section 86(b) provides that subsection (a) applies to a taxpayer if: (A) the sum of -- (i) the modified adjusted gross income of the taxpayer for the taxable year, plus (ii) one-half of the social security benefits received during the taxable year, exceeds (B) the base amount.
The term base amount, as relevant here, is defined in subsection 86(c) as $ 32,000 in the *400 case of a joint return and zero in the case of a taxpayer who is married at the close of the year, who does not live apart from his spouse at all times during the taxable year and who does not file a joint return for the taxable year. Here, petitioner's modified adjusted gross income on his 1986 return ($ 4,580.94) plus one-half of his 1986 social security benefits ($ 3,107) equal a total of $ 7,687.94. Since petitioner filed his 1986 return indicating a filing status of married filing separate, his base amount is zero. Sec. 86(c)(3). Consequently, in accordance with the provisions of section 86(a)(1), one-half of the social security benefits received by petitioner in 1986, or $ 3,107, is includable in gross income for the year 1986. Respondent is sustained. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩